```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALTON D. BROWN,                   :    CIVIL ACTION
                                  :    NO. 07-3771
          Plaintiff,              :
                                  :
     v.                           :
                                  :
                                  :
DAVID DIGUGLIELMO et al.,         :
                                  :
          Defendants.             :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              DECEMBER 21, 2007

I.  BACKGROUND

Plaintiff Alton Brown brings this action pro se against Defendants, various officials and employees of the Pennsylvania Department of Corrections.  Plaintiff alleges that Defendants have not enforced the policy prohibiting Corrections Officers and inmates from smoking in the prison.  As a result, Plaintiff avers that he has been constantly exposed to second-hand smoke (also known as environmental tobacco smoke or "ETS") against his will, resulting in sinus congestion, headaches, difficulty breathing, and tightness of the lungs.  Plaintiff claims that his ETS exposure is a violation of the Eighth Amendment.

Before the Court is Plaintiff's motion for preliminary injunction and temporary restraining order (doc. no. 10). Plaintiff filed this motion, supported only by his own declaration, on October 9, 2007.  Defendants filed a response on

October 22, 2007.[1]  The Court held a hearing on December 19, 2007, where oral argument was presented, along with Plaintiff's direct testimony by videoconference.[2]  Aside from Plaintiff's testimony and argument, no evidence was taken at the hearing. For the reasons that follow, Plaintiff's motion will be denied.

II.  DISCUSSION

Plaintiff's motion for preliminary injunction and temporary restraining order[3] seeks to enjoin Defendants from permitting smoking in the building where Plaintiff is confined. Defendants have submitted a cursory response, stating that "Plaintiff's cellblock . . . is non-smoking and [Defendants] have

---

[1]  "Defendants" refers to all named Defendants except for Felipe Arias, who has not been served.

[2]  The Court initially ordered an in-person hearing, but upon motion for reconsideration, subsequently ordered that the hearing take place by videoconference due to the substantial escape risk presented by Plaintiff.  The videoconferencing equipment allowed Plaintiff to see and hear both the presiding judge and defense counsel during the proceedings.  The authorities at SCI-Graterford, where Plaintiff is presently confined, did not appear to interfere with Plaintiff's oral argument or testimony in any way.

[3]  The motion seeks a preliminary injunction and temporary restraining order.  "When the opposing party actually receives notice of the application for a restraining order, [as here,] the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements."  11A Charles Alan Wright et al., Federal Practice and Procedure § 2951.  Therefore, although the analysis herein is limited to the motion for preliminary injunction, it applies with equal force to the motion for temporary restraining order.

2

no knowledge of this policy not being followed."

    A.    <u>Legal Standard</u>

A party seeking a preliminary injunction must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."[4]  <u>Rogers v. Corbett</u>, 468 F.3d 188, 192 (3d Cir. 2006) (quotation omitted).  Such preliminary injunctive relief "is an extraordinary remedy and should be granted only in limited circumstances."  <u>Kos Pharms., Inc. v. Andrx Corp.</u>, 369 F.3d 700, 708 (3d Cir. 2004) (quotation omitted); <u>see also</u> <u>Adams v. Freedom Forge Corp.</u>, 204 F.3d 475, 487 (3d Cir. 2000) ("The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a <u>presently existing actual threat</u>." (alteration, emphasis, and quotation omitted)).

    B.    <u>Likelihood of Success on the Merits</u>

Plaintiff claims that he is being subjected to cruel

---

[4]  The Third Circuit has not settled whether all four factors must be balanced in each case, or whether a failure to satisfy the first two factors obviates the need to examine the last two factors.  <u>See</u> <u>Quaker Chem. Corp. v. Varga</u>, 509 F. Supp. 2d 469, 478 n.7 (E.D. Pa. 2007).  In this case, it is clear that only the first two factors are relevant and contested.

and unusual punishment in violation of the Eighth Amendment by being exposed to unreasonable amounts of ETS.  To obtain a preliminary injunction, Plaintiff must show that "he himself is being exposed to unreasonably high levels of ETS," by not only "a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS," but also a showing that "the risk that the prisoner complains of [is] so grave that it violates contemporary standards of decency to expose <u>anyone</u> unwillingly to such a risk."  <u>Helling v. McKinney</u>, 509 U.S. 25, 35-36 (1993) (emphasis in original).  Plaintiff must also show the prison authorities' notice of and "deliberate indifference" to the unreasonable health risk he faced, as evidenced by "current attitudes and conduct."  <u>Id.</u> at 36 (describing deliberate indifference as a "subjective factor").

In short, Plaintiff must show that 1) smoking was occurring in the building where he was confined; 2) the smoking caused him to be exposed to an unreasonably high level of ETS; and 3) that the prison authorities had notice of his exposure and were deliberately indifferent to the unreasonable health risk.

At this early stage, Plaintiff has given no indication that he is able to prove the prima facie elements of his case.  The only evidence Plaintiff marshals in support of his claim is his own declaration and testimony, which were not accompanied by

4

any supporting documentation, scientific, statistical, or otherwise.  This meager showing falls far short of the requisite standard.  See Ward v. LeClaire, No. 07-0026, 2007 WL 1532067, at *2 (N.D.N.Y. May 24, 2007) ("Plaintiff has made no showing other than his own uncorroborated affidavit that his exposure to ETS is extensive enough to establish a likelihood of succeeding on the merits of his claims in the underlying action.  Additionally, Plaintiff has not established proof of Defendants' deliberate indifference, sufficient to make success on the merits likely." (internal citations omitted)); Thomas v. Walker, No. 05-380, 2007 WL 2198935, at *2 (S.D. Ill. July 25, 2007) ("[T]here is no indication that plaintiffs are prepared to present any medical or scientific evidence of a serious risk to health or safety caused by exposure to second-hand smoke, or that the levels of exposure were at obviously intolerable or dangerous levels.  Causation will be a difficult issue to prove, particularly since that issue remains hotly debated in the medical and scientific community.").

   The first two necessary elements of Plaintiff's claim--the fact of smoking and the level of ETS--are supported by only two sentences in Plaintiff's declaration: "staff openly smoke in all areas, contaminating the air and ventilation systems with smoke" and "[Plaintiff] has started experiencing the same symptoms as he did when he smoked, including sinus congestion, headaches, difficulty breathing, and tightness of the lungs."

These general sentences do not demonstrate the level of ETS and the severity of Plaintiff's exposure. Plaintiff's testimony at the hearing merely echoed the averments in his declaration, and he was not able to provide any greater detail as to the magnitude and pervasiveness of the alleged ETS in the prison.

Moreover, Plaintiff has made no showing of the third necessary element of his claim: deliberate indifference. More specifically, neither Plaintiff's declaration nor his testimony demonstrates that the prison authorities were on notice of Plaintiff's ETS exposure. Plaintiff testified that he had submitted a grievance regarding violations of the smoking policy, but he did not have a copy to be read into evidence. Defense counsel represented at the hearing that he reviewed all 99 grievances filed by Plaintiff since January 2006, and did not find any grievances relating to smoking or ETS.

Although Plaintiff need not completely prove his claim at this stage, the scant evidentiary showing he has made falls far short of the high threshold required to warrant the "extraordinary remedy" of a preliminary injunction.


C.  Irreparable Harm

"Establishing a risk of irreparable harm is not enough [to warrant a preliminary injunction]. A plaintiff has the burden of proving a clear showing of <u>immediate irreparable</u>

6

injury." ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (emphasis added); Cerro Metal Prods. v. Marshall, 620 F.2d 964, 973 (3d Cir. 1980) ("To support a preliminary injunction, the moving party must show harm that is both imminent and irreparable.").

Here, Plaintiff has not shown that an injury resulting from ETS exposure is "imminent" or "immediate." Accord Ward, 2007 WL 1532067, at *2 ("Plaintiff has not submitted any medical documentation which suggest [sic] in any way that his condition will become significantly worse without the relief requested. The only documentation that Plaintiff has provided are his affidavits . . . . Although Plaintiff alleges that his smoke exposure has significantly worsened his medical condition . . . Plaintiff has provided no medical records, or other corroborating evidence, to support his lay opinion that his exposure is significant enough to cause Plaintiff irreparable harm.").[5]

---

[5] In an order of this even date, the Court accepted Plaintiff's allegations of "imminent danger of serious physical injury" for the purpose of granting leave to proceed in forma pauperis, conditioned upon a later showing on the merits. This conditional finding of "imminent danger" is consistent with the Court's finding here that Plaintiff has failed to show "irreparable harm." The evidentiary burden required to warrant the "extraordinary relief" of a preliminary injunction is substantially higher than the burden required to warrant an initial grant of leave to proceed in forma pauperis. Compare Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989) (holding that a plaintiff seeking a preliminary injunction "has the burden of proving a clear showing of immediate irreparable injury") (quotation omitted)), with Williams v. Forte, 135 Fed. App'x 520, 521 (3d Cir. 2005) (requiring that "allegations of imminent

D.   <u>Necessity of Full Evidentiary Hearing</u>

As noted above, the Court heard Plaintiff's testimony and oral argument, but did not hold a full evidentiary hearing on Plaintiff's motion for preliminary relief.  Rule 65 does not require an evidentiary hearing.  <u>See</u> Fed. R. Civ. P. 65(a)(1) (requiring only "notice to the adverse party"); <u>Bradley v. Pittsburgh Bd. of Educ.</u>, 910 F.2d 1172, 1175 (3d Cir. 1990) ("The applicable Federal Rule does not make a hearing a prerequisite for ruling on a preliminary injunction.").  However, "[a] district court cannot issue a preliminary injunction that depends upon the resolution of disputed issues of fact unless the court first holds an evidentiary hearing."  <u>Elliott v. Kieswetter</u>, 98 F.3d 47, 54 (3d Cir. 1996).

In the absence of a genuine factual dispute, whether to hold an evidentiary hearing on a motion for preliminary injunction is a matter committed to the discretion of the Court:

> [A] hearing would not be necessary if the movant is proceeding on a legal theory which cannot be sustained, because then there could be no showing of a likelihood of success on the merits. . . .  [Further,] a decision may be based on affidavits and other documentary

---

danger must be construed liberally in [Plaintiff's] favor" at pleading stage for purpose of in forma pauperis grant). Moreover, "imminent danger" is a distinct concept from "irreparable harm," requiring a distinct factual showing. <u>Compare</u> 28 U.S.C. § 1915(g) (requiring showing of "imminent danger of serious physical injury), <u>with</u> <u>Hohe</u>, 868 F.2d at 72 (requiring showing that injury itself is "immediate" and "irreparable," and noting that "[e]stablishing a risk of irreparable harm is not enough") (alteration in original)).

8

> evidence if the facts are undisputed and the relevant factual issues are resolved. Moreover, a district court is not obliged to hold a hearing when the <u>movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm</u>.

Bradley, 910 F.2d at 1175-76 (emphasis added).

In order to prove a constitutional violation, Plaintiff must show both that the level of ETS to which he was exposed was unreasonably high, and prison officials were deliberately indifferent to the health risks associated with ETS. See Helling, 509 U.S. at 35-36. As discussed above, the cursory allegations in Plaintiff's affidavit do not present a colorable factual basis to support the claim on the merits or the contention of irreparable harm.

Moreover, Plaintiff has not shown how an evidentiary hearing would be fruitful in this case. Plaintiff does not indicate that he has solicited any expert or lay opinion testimony as to the amount of air contamination caused by the ETS in and around his cell. Moreover, Plaintiff does not indicate what evidence he will solicit to demonstrate the deliberate indifference of prison staff. Instead, Plaintiff offered only his own testimony, which substantially reiterated the averments in his declaration. Such a meager showing does not present colorable factual support for Plaintiff's claim. Accord Bradley, 910 F.2d at 1178 ("Of course, we do not suggest that [the plaintiff] will be unable to substantiate her . . . claim when

9

the matter is ripe for a merits determination.  However, [the plaintiff]'s failure to produce affidavits at this preliminary stage which provided any colorable factual support for her claim . . . presented a record much different from those in the cases where we held that the failure to provide a hearing on a motion for a preliminary injunction was an abuse of discretion.").

The Court will therefore resolve Plaintiff's motion on the basis of his declaration and his testimony at the hearing. Taking into account Plaintiff's declaration and testimony, he has failed to show that he is likely to prevail on the merits and that failure to grant the requested relief would result in immediate irreparable harm.[6]

III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for preliminary injunction and temporary restraining order (doc. no. 10) will be denied.

---

[6] Given that Plaintiff has not satisfied the first two factors of the test for the issuance of a preliminary injunction, the Court need not reach factors 3 and 4, whether granting preliminary relief will result in even greater harm to the nonmoving party, and whether the public interest favors such relief.  See Quaker Chem., 509 F. Supp. 2d at 478 n.7.

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ALTON D. BROWN,                  :   CIVIL ACTION
                                 :   NO. 07-3771
        Plaintiff,               :
                                 :
        v.                       :
                                 :
                                 :
DAVID DIGUGLIELMO et al.,        :
                                 :
        Defendants.              :
```

## O R D E R

**AND NOW,** this **21st** day of **December, 2007,** for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that Plaintiff's motion for preliminary injunction and temporary restraining order (doc. no. 10) is **DENIED.**

  **AND IT IS SO ORDERED.**

                           /s/ Eduardo C. Robreno
                           **EDUARDO C. ROBRENO, J.**